MICHELIN TIRE CORPORATION, APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 77-1218—Decided May 31, 1978.)

*Messrs. Dargusch & Hutchins* and *Mr. Shelby V. Hutchins,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

*Per Curiam.* This cause centers on the import-export clause, Section 10, Article I of the United States Constitution which provides, in part, that: "No state shall, without the consent of the Congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws * * *."

In *Michelin Tire Corp.* v. *Wages* (1976), 423 U. S. 276, the Supreme Court of the United States upheld a Georgia ad valorem property tax with regard to imported tires and tubes, and specifically overruled its decision in *Low* v.

*Austin* (1872), 13 Wall. 29, which had held that the states were prohibited by the import-export clause from imposing a nondiscriminatory ad valorem property tax on imported goods. until the goods lost their character as imports and became incorporated into the general mass of property in the state.

Justice Brennan, speaking for seven members of the court, stated, in *Michelin, supra*, at page 283:

"Our independent study persuades us that a nondiscriminatory ad valorem property tax is not the type of state exaction which the Framers of the Constitution or the Court in *Brown* [v. *Maryland* (1872), 12 Wheat. 419], had in mind as being an 'impost' or 'duty' and that *Low* v. *Austin's* reliance upon the *Brown* dictum to reach the contrary conclusion was misplaced."

The decision of the board is neither unreasonable nor unlawful, and it is therefore affirmed.

*Decision affirmed.*

O'Neill, C. J., Herbert, Celebrezze, W. Brown, P. Brown, Sweeney and Locher, JJ., concur.