The STATE of Ohio, Appellee,

v.

MASCARO, Appellant.

[Cite as *State v. Mascaro* (1991), 81 Ohio App.3d 214.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005098.

Decided Dec. 18, 1991.

*Mark Mihak*, City Prosecutor, for appellee.

*Gregory A. Westgate*, for appellant.

CACIOPPO, Judge.

Appellant, John P. Mascaro, was charged with driving under the influence (R.C. 4511.19[A][1]); driving with a prohibited blood-alcohol content (R.C. 4511.19[A][3]); driving left of center (R.C. 4513.263); and not wearing a seat belt (R.C. 4511.25).

Mascaro executed a waiver form whereby he waived his right to a jury trial, disclaimed his desire to delay arraignment for the purpose of consulting with an attorney, and disclaimed any right or desire to claim indigency for the purposes of appointed counsel. Mascaro then entered a plea of no contest and was found guilty of the four charged offenses.

Mascaro appeals, asserting two assignments of error. We reverse.

### Assignments of Error

"I. The trial court erred to the prejudice of the appellant and in violation of rights conferred by Article I, Section 10 of the Ohio Constitution and the Sixth

and Fourteenth Amendments of the United States Constitution when it failed to advise appellant of his right to counsel when he appeared unrepresented at trial, and appellant did not make a knowing and intelligent waiver of his right to counsel.

"II. The trial court erred to the prejudice of the appellant and in violation of rights conferred by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution when it accepted the appellant's no contest plea without addressing defendant personally to determine the voluntariness of the plea and whether or not appellant understood the nature of the charge and the consequences of the plea."

Mascaro contends that the trial court erred by failing to advise him on the record of his right to counsel and the consequences of his no contest plea. We agree.

Crim.R. 22 provides that all waivers of counsel must be recorded. Crim.R. 44(D) also requires that such waivers be recorded. See, also, *State v. Haag* (1976), 49 Ohio App.2d 268, 3 O.O.3d 301, 360 N.E.2d 756; *State v. Hutchinson* (Jan. 10, 1990), Summit App. No. 14214, unreported, 1990 WL 1773.

In like fashion, Crim.R. 11(E) requires that the record affirmatively demonstrate that a plea of no contest was entered voluntarily, intelligently, and knowingly. *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 218, 17 OBR 458, 460, 479 N.E.2d 309, 312. A meaningful dialogue between the court and the defendant is required in misdemeanor cases with the possibility of imprisonment. *State v. Joseph* (1988), 44 Ohio App.3d 212, 213, 542 N.E.2d 690, 691. Written statements are insufficient to constitute a meaningful dialogue. *Id.*

In the case at bar, there is nothing in the record to indicate compliance with the aforementioned Criminal Rules. Nowhere in the record does it indicate that the appellant waived counsel or voluntarily, intelligently and knowingly entered his no contest plea. In light of the trial court's failure to comply with these mandatory recording requirements of the Criminal Rules, we must reverse the judgment of the trial·court.

*Judgment reversed.*

Quillin, P.J., and Cook, J., concur.