CITY OF YOUNGSTOWN, Appellee,

v.

OSSO, Appellant.

[Cite as *Youngstown v. Osso* (1996), 115 Ohio App.3d 416.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 19.

Decided Nov. 19, 1996.

*J. Jeffrey Limbian,* City Prosecutor, and *Dionne M. Almasy,* Assistant City Prosecutor, for appellee.

*Robert G. Lisotto,* for appellant.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Youngstown Municipal Court, Mahoning County, Ohio, overruling the motion to dismiss made by defendant-appellant, James P. Osso III, and finding him guilty of domestic violence in violation of R.C. 2919.25(A).

At the outset we note that plaintiff-appellee, city of Youngstown, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.

On or about January 5, 1995, appellant was served with a warrant for domestic violence which alleged that he knowingly caused or attempted to cause physical harm to Michelle Osso, a family or household member, on January 2, 1995, in violation of R.C. 2919.25(A). Appellant entered a plea of not guilty and this matter proceeded to bench trial on January 20, 1995.

Testimony from appellee's witnesses at trial indicated that at approximately 12:30 a.m. on January 2, 1995, appellant began kicking at the door of the residence which he owned with Michelle Osso and which was currently being occupied by Ms. Osso, her sister and her mother. Ms. Osso testified that both she and her sister looked out the window of the residence and observed appellant, at which point he left the premises. Ms. Osso's mother testified that although she was called downstairs by her daughters' screaming and heard the side door being kicked, appellant stopped kicking the door and left the premises as soon as she arrived downstairs.

Upon the completion of appellee's case-in-chief, appellant moved the trial court to dismiss the charge against him, claiming that Ms. Osso had not alluded to any physical harm having been caused her or attempted physical harm as a result of his alleged actions. The trial court overruled appellant's motion and ultimately found him guilty of domestic violence. Appellant was sentenced to serve one hundred eighty days' incarceration and ordered to pay a $50 fine, plus costs. This appeal followed.

Appellant's sole assignment of error on appeal alleges:

"The trial court did err in finding the defendant-appellant did knowingly cause or attempt to cause physical harm to a family or household member and in finding that complainant had a belief that the offender would cause imminent physical harm."

R.C. 2919.25(A) provides:

"No person shall knowingly cause or attempt to cause physical harm to a family or household member."

■ No testimony or evidence was offered at trial herein to show any actual physical harm to the complainant, Michelle Osso, and there was no dispute that appellant did *not* cause physical harm to her. Therefore, the question becomes whether appellant *attempted* to cause physical harm to a family or household member.

■ In *State v. Brooks* (1989), 44 Ohio St.3d 185, 542 N.E.2d 636, the Ohio Supreme Court held that a criminal attempt occurs when there is an act or omission which constitutes a substantial step towards the commission of a crime and that a substantial step is one that strongly corroborates the actor's criminal purpose. Proof of an attempt to commit a crime requires a showing of mens rea of purpose or knowledge as well as conduct toward the commission of the crime. The intent to commit a crime does not, in itself, constitute an attempt, nor does mere preparation. *Id.* An action is not criminally punishable as an attempt to commit a particular crime unless an accused had the intent to commit that crime. *State v. Curry* (1975), 43 Ohio St.2d 66, 72 O.O.2d 37, 330 N.E.2d 720.

Appellant states that he did not have the specific intent to commit an act of domestic violence. The testimony at trial indicated only that appellant damaged a door which was part of his common marital property. Further, appellant vehemently maintains that he abandoned any alleged effort to commit an offense and thereby completely and voluntarily renunciated any criminal purpose. The testimony offered at trial supports appellant's position. Pursuant to R.C. 2923.02(D), if an actor abandons his effort to commit an offense or otherwise prevents its commission under circumstances manifesting a complete and voluntary renunciation of any criminal purpose, it is an affirmative defense to an attempt charge.

Both appellee in its closing argument and the trial judge in his decision relied heavily upon a belief that the complainant feared that appellant would cause her imminent physical harm, when, in fact, no testimony was offered to indicate that that was the case.

The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

R.C. 2919.25(A) does not require that actual physical harm be proven to sustain a conviction, as the state may prove that an accused knowingly attempted to cause physical harm to a family or household member. However, based on the testimony presented in the case at bar, the trial court could not reasonably have

inferred that appellant caused or attempted to cause Ms. Osso or another household member physical harm. Therefore, the trial court could not have found the essential elements of the crime proven beyond a reasonable doubt.

Appellant's sole assignment of error has merit.

The judgment of the trial court is reversed and appellant is hereby discharged.

*Judgment reversed.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.