DECISION AND JUDGMENT ENTRY
This is an appeal from the Pickaway County Court of Common Pleas, in which Defendant-Appellant Dale E. Knece pled guilty to the attempted violations of two offenses: (1) breaking and entering, pursuant to R.C.2911.13; and (2) possession of criminal tools, pursuant to R.C. 2923.24. Pursuant to R.C. 2923.02, and by agreement of the parties, both of these offenses were reduced from fifth-degree felonies to first-degree misdemeanors. The trial court imposed two consecutive terms of local incarceration, totaling one year. The court thereafter gave appellant credit for time served and suspended the balance of his sentence.
Appellant argues that he entered his guilty plea under duress. He also argues that the charge of attempted possession of criminal tools is a fourth-degree, not a first-degree, misdemeanor under his reading of R.C.2923.02. Appellant further argues that attempted breaking and entering and attempted possession of criminal tools are allied offenses of similar import.
We find appellant's arguments to be without merit and affirm the judgment of the trial court.
 STATEMENT OF THE CASE AND FACTS
Our review of the record reveals the following facts pertinent to the instant appeal.
On July 2, 1999, Defendant-Appellant Dale E. Knece was indicted by the Pickaway County Grand Jury on four counts: (1) breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13; (2) attempted theft, a second-degree misdemeanor, in violation of R.C. 2913.02; (3) carrying a concealed weapon, a fourth-degree felony, in violation of R.C. 2923.12; and (4) possession of criminal tools, a fifth-degree felony, in violation of R.C. 2923.24. Appellant pled "not guilty" to these offenses.
On December 20, 1999, a change-of-plea hearing was held. Appellant, represented by counsel, acknowledged to the lower court that he had entered into a plea agreement with the State of Ohio. As part of this agreement, the State of Ohio moved the trial court to amend the indictment to reflect dismissal of the attempted-theft and carrying-a-concealed-weapon charges, and reducing the breaking-and-entering and possession-of-criminal-tools charges by one degree each. As there was no objection by appellant, the lower court granted the motion and ordered the indictment to be amended so as to charge appellant with the attempted violations, pursuant to R.C. 2923.02, of breaking and entering and possession of criminal tools. Thus, both fifth-degree felonies were reduced by one degree to first-degree misdemeanors. Appellant then expressed to the trial court his desire to enter a guilty plea to the charges in the amended indictment.
Before accepting his plea, the trial court sought to ensure that appellant was cognizant of the magnitude of his decision. Accordingly, the court advised appellant of the nature of the crimes, the attendant maximum sentences, and of the rights he would be waiving by entering such a plea. After appellant confirmed that he understood the ramifications of his decision and acknowledged that he was acting of his own volition, the lower court accepted appellant's guilty plea to the charges in the amended indictment.
After permitting appellant to make a statement and submit mitigating evidence, the trial court sentenced appellant to two six-month terms of incarceration, one for each of the first-degree misdemeanors, to be served consecutively in the Pickaway County Jail.
Subsequently, appellant, now acting as his own counsel, submitted a motion to the lower court requesting that either of the two charges in the amended indictment be dismissed. On January 25, 2000, the lower court denied appellant's motion, reasoning that a defendant cannot plead guilty to a charge that he negotiated in a plea agreement and then request that it be dismissed.
On February 2, 2000, the lower court amended its previous order and gave appellant credit for time served, suspending the balance of his sentence.
On February 23, 2000, appellant, in propria persona, filed a timely notice of appeal with this Court. Additionally, this Court ordered a document filed with the notice of appeal, entitled "Rebuttal to Judge Knece Decision," to be construed as appellant's brief to this Court.
 Summary Of Issues
Appellant did not present formal assignments of error in what we have construed as his brief to this Court. Nevertheless, we were able to discern three primary issues raised by appellant. In the interest of justice, we will construe these arguments as appellant's assignments of error. See Toledo's Great Eastern Shoppers City v. Abde's Black AngusSteak House No. III (1986), 24 Ohio St.3d 198, 494 N.E.2d 1101.
First, appellant argues that he entered his guilty plea under duress. Specifically, he argues that he pled guilty to the reduced charges in the amended indictment out of fear of being convicted of the offenses spelled out in the original indictment, as they were felonies carrying more severe sentences. We will construe this argument as appellant's First Assignment of Error.
Second, appellant argues that the charge of attempted possession of criminal tools is a fourth-degree, not a first-degree, misdemeanor. He bases this challenge on his reading of R.C. 2923.02. He argues that because the trial court reduced his breaking-and-entering charge from a fifth-degree felony to a first-degree misdemeanor, it could not find his attempted possession of criminal tools to have been in the furtherance of a felony; it could only have found the commission of this crime to have been in the furtherance of a misdemeanor. Thus, he argues, he was erroneously convicted of a first-degree misdemeanor because, under his reading, R.C. 2923.02 mandates a fourth-degree-misdemeanor conviction if the attempted commission was in furtherance of a misdemeanor. We will construe this argument as appellant's Second Assignment of Error.
Third, appellant argues that attempted breaking and entering and attempted possession of criminal tools are allied offenses of similar import. We will construe this argument as appellant's Third Assignment of Error.
 ANALYSIS
We address each of appellant's "assignments of error" seriatim.
 I.
Appellant argues, in what we have construed as his First Assignment of Error, that he pled guilty to the reduced charges in the amended indictment out of fear of being convicted of the charges spelled out in the original indictment, as they were felonies carrying more severe sentences. In his own words, he explained in his brief to this Court that, "I agreed to the guilty plea `under duress,' because I was in fear of facing three (3) felony charges; even knowing I was not guilty of them."
In determining whether appellant was coerced into accepting a plea, a reviewing court is to look no further than to compliance with Crim.R. 11. See, e.g., State v. Gibson (1986), 34 Ohio App.3d 146, 517 N.E.2d 990
(explaining that "[a] court must inform the defendant about critical constitutional rights before accepting a plea which waives those rights. * * * [S]ubstantial compliance with Crim.R. 11 will suffice * * * before accepting such pleas"); accord State v. Kapper (1983),5 Ohio St.3d 36, 448 N.E.2d 823, certiorari denied (1983), 464 U.S. 856, (affirming a trial court's denial of a post-conviction-relief petition, in which the defendant contended that his guilty plea had been coerced, as substantial compliance with Crim.R. 11 had been demonstrated).
Crim.R. 11, as it applies to misdemeanors, provides the following.
 In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
Crim.R. 11(D); see State v. Mascaro (1991) 81 Ohio App.3d 214,610 N.E.2d 1031 (stating that, in entering a plea of guilty to a serious misdemeanor, the trial court is bound by the mandates of Crim.R. 11(D) to protect the constitutional rights of the accused).
In the present case, no transcript was made part of the record. SeeState v. Floyd (Feb. 26, 1992), Scioto App. No. 91CA1992, unreported (explaining that in the absence of a transcript, there is no basis to determine whether the guilty plea complied with the mandates of Crim.R. 11). However, the record does contain the trial court's Entry of Sentence on Change of Plea, which details the trial court's complete compliance with Crim.R. 11. See, e.g., State v. Crabtree (May 3, 1993), Pike App. No. 92CA491, unreported (stating that, despite a transcript not being part of the record, an entry of the lower court and a signed waiver was enough to justify compliance with Crim.R. 11.).
The trial court, in its Entry of Sentence on Change of Plea, detailed its effort to ensure appellant was cognizant of the magnitude of his decision. The trial court explained the charged crimes and their attendant maximum penalties to appellant. The lower court also advised appellant of his rights under the Ohio and United States Constitutions: that by pleading guilty he waived his rights to a jury trial, to confront witnesses, to have compulsory process for obtaining witnesses, and to require the state to prove the defendant's guilt beyond a reasonable doubt. Further, the trial court made inquiry of appellant to ensure that the plea was made voluntarily, without threat or promise of leniency. Appellant stated that he was acting of his own volition and that he understood the consequences of his plea.
Accordingly, we find that the trial court substantially complied with the requirements of Crim.R. 11(D) prior to accepting appellant's guilty plea. Moreover, appellant did not contend, either below or on appeal, that the trial court failed to comply with Crim.R. 11. Therefore, we have no basis upon which to conclude that the acceptance of appellant's guilty plea was made under duress, that the sentence imposed by the trial court was erroneous, or that appellant's constitutional rights were violated by the trial court when it took these actions.
Appellant's First Assignment of Error is OVERRULED.
 II.
Appellant argues, in what we have construed as his Second Assignment of Error, that the charge of attempted possession of criminal tools is a fourth-degree, not a first-degree, misdemeanor.
Appellant bases his argument on his reading of R.C. 2923.02. This section provides, in relevant part, the following.
 An attempt to commit aggravated murder, murder, or an offense for which the maximum penalty is imprisonment for life is a felony of the first degree. An attempt to commit a drug abuse offense for which the penalty is determined by the amount or number of unit doses of the controlled substance involved in the drug abuse offense is an offense of the same degree as the drug abuse offense attempted would be if that drug abuse offense had been committed and had involved an amount or number of unit doses of the controlled substance that is within the next lower range of controlled substance amounts than was involved in the attempt. An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted. In the case of an attempt to commit an offense other than a violation of Chapter 3734. of the Revised Code that is not specifically classified, an attempt is a misdemeanor of the first degree if the offense attempted is a felony, and a misdemeanor of the fourth degree if the offense attempted is a misdemeanor.
(Emphasis added.) R.C. 2923.02(E).
Appellant argues that because the trial court reduced his breaking-and-entering charge from a fifth-degree felony to a first-degree misdemeanor, it could not find his attempted possession of criminal tools to have been in the furtherance of a felony; it could only have found the commission of this crime to have been in the furtherance of a misdemeanor. Thus, he argues, he was erroneously convicted of a first-degree misdemeanor because, under his reading, R.C. 2923.02
mandates a fourth-degree-misdemeanor conviction if the attempted commission was in furtherance of a misdemeanor.
It appears to us that appellant has misplaced his attention within this statutory provision. Indeed, this provision provides that "attempt is a misdemeanor of the first degree if the offense attempted is a felony, and a misdemeanor of the fourth degree if the offense attempted is a misdemeanor." R.C. 2923.02(E). However, this clause is applicable only to those misdemeanors "not specifically classified." R.C. 2923.02(E). As possession of criminal tools is specifically classified as a fifth-degree felony in R.C. 2923.24, this portion of the statute is inapplicable. See R.C. 2901.02; see, generally, State v. Montecalvo (Sept. 5, 1990), Lorain App. No. 89CA004653, unreported.
Appellant has apparently overlooked the preceding sentence which states that "[a]n attempt to commit any other offense * * * is an offense of thenext lesser degree than the offense attempted." (Emphasis added.) R.C.2923.02(E). Because possession of criminal tools is specifically classified, it is this portion of the statute that is applicable in the instant matter. As this is precisely what the lower court did — it reduced the fifth-degree-felony charge of possession of criminal tools to a first-degree-misdemeanor charge of attempted possession of criminal tools — we find no error in the sentencing of appellant for this crime.
Moreover, the focus of attempt is the accused's mens rea of purpose and knowledge, and the conduct toward the commission of the crime, not the actual crime for which the person is convicted. See City of Youngstownv. Osso (1996), 115 Ohio App.3d 416, 685 N.E.2d 593; see, generally, 26 Ohio Jurisprudence 3d (2000) 142-47, Criminal Law, Sections 645-51. Thus, it is not incongruous to convict the accused of attempt to commit a felony when the underlying felony charge has been reduced to a misdemeanor. This is particularly palpable in light of the facts in the instant case, where the charges were reduced as a result of a legitimate plea bargain.[1]
Accordingly, the issue turns on whether the trial court provided appellant proper explanation of the charged crimes and the attendant possible sentences for them. In other words, the issue turns on the trial court's compliance with the requirements of Crim.R. 11(D). As we discussed above, we find that the trial court clearly complied with the requirements of this rule.
Appellant's Second Assignment of Error is OVERRULED.
 III.
Appellant argues, in what we have construed as his Third Assignment of Error, that attempted breaking and entering and attempted possession of criminal tools are allied offenses of similar import.
Appellee suggests in the scant, single-page argument in its brief to this Court, that we must apply the test enunciated in Blockburger v.United States (1932), 284 U.S. 299, 52 S.Ct. 180. Ironically, appellee cites to State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, as support for this proposition, when the Supreme Court of Ohio in that case held the precise opposite.
In Ohio it is unnecessary to resort to the Blockburger test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct.
Rance, 85 Ohio St.3d at 633, 710 N.E.2d at 701, paragraph three of the syllabus. Thus, it is the two-pronged test of R.C. 2941.25 that is to be employed in the instant matter, not the Blockburger test.
R.C. 2941.25 consists of the following two steps. First, the trial court must determine whether the crimes are allied offenses of similar import. See R.C. 2941.25(A). To make such a determination, the elements of the crimes are to be compared. In Rance, the Supreme Court of Ohio held that "[c]ourts should assess, by aligning the elements of each crimein the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.'" (Emphasis added.) Rance,85 Ohio St.3d at 639, 710 N.E.2d at 705, quoting Jones, 78 Ohio St.3d at 14,676 N.E.2d at 81 (In so holding, the Rance Court overruled Newark v. Vazirini (1990),48 Ohio St.3d 81, 549 N.E.2d 520, and its ensuing line of cases that held that the elements of the crimes should be compared given the facts of the case.).
Second, the trial court must determine whether the defendant may be convicted of all of the crimes. See R.C. 2941.25(B). If the defendant's conduct constitutes "two or more offenses of dissimilar import," or if the conduct results in "two or more offenses of the same or similar kind committed separately or with a separate animus as to each," then the trial court may include the counts for all of the offenses and convict and sentence the defendant of each of them. R.C. 2941.25(B). We now apply this two-pronged test to the present case.
The Ohio Revised Code defines the charged offenses in the case subjudice as follows. Breaking and entering is defined as "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section2913.01 of the Revised Code, or any felony." R.C. 2911.13(A).
Possession of criminal tools is defined as "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." R.C. 2923.24(A).
Comparing the elements of these offenses in the abstract, it is readily apparent that the "purpose" requirements of the two crimes are different. The purpose required for breaking and entering is specific, to commit a theft offense or a felony. The purpose required for possession of criminal tools is much broader, to use tools criminally.
Further, breaking and entering requires a trespass, while possession of criminal tools does not. Further still, possession of criminal tools requires, naturally, the possession of tools, while breaking and entering does not.
Because the statutory elements of these crimes, compared in the abstract, are clearly divergent, the offenses do not correspond to such a degree that the commission of one will necessarily result in the commission of the other. Therefore, the two offenses are of dissimilar import and the trial court did not violate the constitutional rights of appellant by convicting and sentencing him for both offenses.
The flaw of appellant's argument lies in his statement that "the elements of the offense should not be viewed abstractly, but should be viewed with reference to the facts of the particular case." As we have discussed, the Rance Court held that the elements are to be compared in the statutory abstract.
Appellant's Third Assignment of Error is overruled.
 CONCLUSION
Appellant argues, in what we have construed as his First Assignment of Error, that he pled guilty to the reduced charges in the amended indictment out of fear of being convicted of the charges spelled out in the original indictment, as they were felonies carrying more severe sentences. We find that the trial court substantially complied with the requirements of Crim.R. 11(D) prior to accepting appellant's guilty plea. Accordingly, we overrule appellant's First Assignment of Error.
Appellant argues, in what we have construed as his Second Assignment of Error, that the charge of attempted possession of criminal tools is a fourth-degree, not a first-degree, misdemeanor. As possession of criminal tools is specifically classified, the lower court was in compliance with R.C. 2923.02 and was correct in reducing the fifth-degree-felony charge to a first-degree misdemeanor. Accordingly, we overrule appellant's Second Assignment of Error.
Appellant argues, in what we have construed as his Third Assignment of Error, that attempted breaking and entering and attempted possession of criminal tools are allied offenses of similar import. As the two offenses are of dissimilar import, the trial court did not violate the constitutional rights of appellant by convicting and sentencing him for both offenses. Accordingly, we overrule appellant's Third Assignment of Error.
Therefore, we OVERRULE appellant's assignments of error and AFFIRM the decision of the Pickaway County Court of Common Pleas.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the PICKAWAY County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such appeal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J., and Harsha, J. Concur in Judgment and Opinion.
[1] Assuming, arguendo, that we were to accept appellant's flawed rationale, that the possession of criminal tools was in the furtherance of a misdemeanor, the attempted possession of criminal tools would have been a second-degree misdemeanor. R.C. 2923.24(C) explains that unless the conviction for possession of criminal tools is in the furtherance of a felony, a conviction under this provision is a first-degree misdemeanor. Thus, if we were to accept appellant's argument, possession of criminal tools should have been reduced from a first-degree to a second-degree misdemeanor because, as we have explained, the attempted commission of a classified crime serves to reduce the original charge by one degree.