OPINION
Mark Washington is appealing the judgment of the Montgomery County Common Pleas Court which overruled his motion to withdraw his guilty plea.
Mr. Washington was indicted on December 6, 2000 for felonious assault with a three year firearm specification and with having a weapon while under a disability. Additionally, Mr. Washington was charged in a different case with one count of possession of crack cocaine in an amount exceeding one gram but less than five grams. The matter was set for trial on May 7, 2001. On May 1, 2001, Mr. Washington appeared before the trial court with counsel and pled guilty to one count of felonious assault and one count of possession of crack cocaine, in exchange for the State nolling the firearm specification and disability charge. The State and defense agreed to a six year sentence and the trial court verbally indicated at the plea hearing that the six year sentence would be approved and imposed.
On May 4, 2001, Mr. Washington wrote a letter to the trial court seeking to withdraw his guilty plea. New defense counsel was obtained and filed a motion to withdraw the plea on May 22, 2001. The trial court held a hearing on the motion on June 28, 2001. At the hearing, both Mr. Washington and his wife testified. Mr. Washington's wife testified that she had advised her husband to accept the plea offer and had informed him that she felt the offer was reasonable and that she did not think their marriage would last if he received the maximum sentence of fourteen years. Mr. Washington testified that he had wanted to take his case to trial but had accepted the plea because he was afraid of losing his family.
On July 10, 2001, the trial court overruled Mr. Washington's motion to withdraw his plea. On July 17, 2001, Mr. Washington was sentenced to six years incarceration. Mr. Washington has filed this delayed appeal.
Mr. Washington raises the following assignments of error:
 "1. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT BY OVERRULING HIS MOTION TO WITHDRAW HIS PLEAS.
 "2. THE TRIAL COURT COMMITTED PLAIN ERROR PREJUDICIAL TO THE DEFENDANT WHEN IT OVERRULED HIS MOTION TO WITHDRAW HIS PLEAS.
 "3. THE CONVICTIONS AGAINST THE DEFENDANT MUST BE REVERSED BECAUSE THE TRIAL COURT TOOK THE DEFENDANT'S GUILTY PLEAS AND FAILED TO DETERMINE THAT THE PLEAS WERE NOT ENTERED VOLUNTARILY AND WITH AN UNDERSTANDING OF THE EFFECT OF THOSE PLEAS, ALL IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS."
 Appellant's first and second assignments of error
Mr. Washington argues that the trial court abused its discretion and committed plain error by overruling Mr. Washington's motion to withdraw his plea when he did not receive a full hearing on his change of plea, the hearing on the motion was not fair and impartial, and the trial court used the wrong standard in its judgment overruling the motion. We disagree.
"One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion." State v. Peterseim (1980),68 Ohio App.2d 211, 214, 22 O.O.3d 341. Although "a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted," the Ohio Supreme Court has recognized that "a defendant does not have an absolute right to withdraw a plea prior to sentencing." State v. Xie
(1992), 62 Ohio St.3d 521, 527. Before a court may sustain a motion to withdraw a plea, it "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id.
The determination of whether a reasonable and legitimate basis for the withdrawal of the plea exists lies within the sound discretion of the trial court. State v. Rosemark (1996), 116 Ohio App.3d 306, 308; Xie,supra. Therefore, the judgment of the trial court on a motion to withdraw a plea must be affirmed absent an abuse of discretion. Xie,supra at 527. An abuse of discretion amounts to more than an error in judgment but implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157, 16 O.O.3d 169; Xie, supra.
This Court has previously held the following when determining if a trial court abused its discretion in overruling a motion to withdraw a plea:
 "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Barnett (1991), 73 Ohio App.3d 244, 250.
On appeal, Mr. Washington does not allege that he did not receive competent counsel, but that he did not receive a fair hearing before he entered his plea, did not receive a complete, impartial hearing on his motion, and that the trial court's decision does not reflect that it gave full and fair consideration to his plea withdrawal request. In addressing the plea hearing, Mr. Washington argues that he did not receive a full hearing before he entered his plea because he was crying during the plea hearing and his answers to two questions were vague. The questions Mr. Washington points to were whether Mr. Washington was able to read and understand the forms and whether he was under the influence of any drug, alcohol, or medication. We have reviewed the videotape of the plea hearing and observed the following. When the court asked Mr. Washington if he could read and understand the forms, Mr. Washington nodded his head affirmatively and stated, "a little." (Tr. 3). When asked if he was under the influence of any drug, alcohol, or medication, Mr. Washington shook his head negatively and stated, "Hmm Mmm." (Tr. 4). His counsel then stated, "You're gonna have to say yes, okay? Because they've got to take it down on video. Okay? You gotta say yes," to which Mr. Washington responded, "Yep." (Id.) We think that Mr. Washington clearly meant the answer to the question regarding intoxication to be negative and his counsel simply misspoke. This is confirmed by Mr. Washington in his testimony at the motion to withdraw hearing never alleging that he was under the influence of any drug, alcohol, or medication at the time of the plea hearing.
During this early questioning Mr. Washington became upset and began crying, making his answers difficult to hear. The trial court therefore paused in its questioning and stated that he would wait until Mr. Washington was ready. (Id.) When Mr. Washington had regained his composure, the trial court continued with the plea hearing. Shortly thereafter, Mr. Washington appears to cease crying and calmly participates in the remainder of the plea hearing, when the court informs him of his rights and he waives them. The trial court repeatedly asked if Mr. Washington had any questions of him or his attorney to which Mr. Washington responded negatively. (Id. 6, 9, 10, 12). Additionally, Mr. Washington never expressed any confusion or misunderstanding during the proceedings. (Id. 5-11). Mr. Washington clearly expressed that he understood that if he went to trial he could be sentenced up to fourteen years but pursuant to the plea agreement would only have to serve six years. (Id. 6-9). Having reviewed both the transcript and the video, we find that Mr. Washington did receive a full hearing even though he cried during a portion of the hearing.
Mr. Washington also argues that his hearing on his motion to withdraw his plea was not compete and impartial. At the hearing on Mr. Washington's motion to withdraw his plea, Mr. Washington and his wife testified. Both parties testified that Mr. Washington wanted to take his case to trial but that Mrs. Washington wanted him to take the plea agreement. Mrs. Washington testified that she was afraid Mr. Washington would receive the maximum sentence of fourteen years and informed him that if he did their marriage would not last that period of time apart. We find that the trial court conducted a compete and impartial hearing on the motion and cannot say that the trial court erred in this hearing.
Finally, Mr. Washington asserts that the trial court did not give full and fair consideration to his request because the trial court in its decision applied the improper "manifest injustice" standard of review. Mr. Washington argues the court erred in applying the "manifest injustice" standard because it should only be applied when the defendant files his motion to withdraw his plea after sentencing. In its judgment overruling Mr. Washington's motion, although the trial court stated that he believed the proper standard would be the post sentencing "manifest injustice" standard, the court proceeded to analyze Mr. Washington's motion under both the pre-sentencing and the post sentencing standard. The trial court specifically stated that under either the pre-sentencing or the post sentencing standard, Mr. Washington failed to demonstrate circumstances justifying the granting of the motion to withdraw. Therefore, the trial court used the proper standard in its determination to deny the motion. We cannot find that the trial court failed to give full and fair consideration to Mr. Washington's motion to withdraw his plea.
After having reviewed the transcripts of both hearings and the videotape of the plea hearing, we cannot say that the trial court erred in determining that Mr. Washington did not have a reasonable and legitimate basis for wishing to withdraw his plea. The record supports the trial court's conclusion that Mr. Washington clearly understood the nature of the plea agreement and had several opportunities to indicate confusion or ask questions, but never did so. Mr. Washington's assertion that his wife's threat of the marriage possibly not lasting if he received fourteen years does not amount to a reasonable and legitimate basis for the withdrawal of his plea. Mr. Washington's plea withdrawal request merely amounted to a change of heart. Therefore, we cannot find that the trial court either abused its discretion or committed plain error in overruling Mr. Washington's motion to withdraw his plea. Mr. Washington's first and second assignments of error are without merit and are overruled.
 Appellant's third assignment of error
Mr. Washington argues that the trial court erred in accepting his guilty pleas as they were not made voluntarily and with an understanding of the effect of those pleas. We disagree.
A guilty plea must be entered voluntarily and with an understanding of the effect of the plea in order to be valid. Boykin v. Alabama (1969),395 U.S. 238. The trial court must engage the defendant in a meaningful dialogue whenever the chance of incarceration exists. State v. Mascaro
(1991), 81 Ohio App.3d 214, 216.
Mr. Washington argues that the trial court erred in determining that his pleas were voluntary and that he understood the effect of his pleas when he was crying during the hearing, indicated that he could only read a little, indicated that he was under the influence of drugs, alcohol, or medication, and indicated he had questions about the plea process. We find this argument unpersuasive in light of the record. As discussed in the previous assignments of error, the video demonstrates that Mr. Washington only cried for a brief portion of the plea hearing and then after a pause by the court was able to regain his composure and calmly participated in the remainder of the hearing. Additionally, the trial court explained to Mr. Washington his rights which he was waiving and the details of the plea agreement to which Mr. Washington indicated his understanding. Also, we find based on the video that Mr. Washington indicated to the court that he was not under the influence of drugs, alcohol, or medication by shaking his head negatively and stating, "Hmm Mmm." We find that his counsel's statement that he had to say yes to be merely a misstatement. Additionally, we do not find anywhere in the transcript where Mr. Washington indicated that he had questions about the plea process. On the contrary, Mr. Washington repeatedly reiterated to the court that he understood and had no questions. (Tr. 5-12). We find nothing in the record of this case to indicate that Mr. Washington's pleas were less than voluntary and not made with a full understanding of the effect of his pleas. Mr. Washington's third assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.