OPINION
{¶ 1} Defendant-appellant, John Cosgrove (hereinafter "Cosgrove"), appeals the judgment of the Auglaize County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On March 15, 2007, the Auglaize County Grand Jury indicted Cosgrove on one count of domestic violence, in violation of R.C. 2919.25(A), a third degree felony.[1]
 {¶ 3} A jury trial was held on May 14, 2007. After the prosecution rested, Cosgrove made a Crim. R. 29 motion.[2] The trial court denied the motion. (Tr. 5/14/07 at 195). The defense rested without presenting any witnesses, and then renewed the Crim. R. 29 motion. (Id. at 197). The trial court denied the motion. (Id.). The jury subsequently found Cosgrove guilty.
 {¶ 4} On July 26, 2007, the trial court sentenced Cosgrove to four years imprisonment and ordered the sentence to run concurrent to Cosgrove's sentence in Mercer County. Cosgrove subsequently filed a motion for delayed appeal which was granted by this court on September 25, 2007. *Page 3 
 {¶ 5} It is from the trial court's judgment that Cosgrove appeals and asserts two assignments of error for our review. For clarity of analysis, we have combined Cosgrove's assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court violated John Cosgrove's rights to due process and a fair trial when the trial court found him guilty of domestic violence in the absence of sufficient evidence. Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution. (T. pp. 227-228; Judgment Entry Filed July 26, 2007).
 ASSIGNMENT OF ERROR NO. II The trial court violated John Cosgrove's rights to due process and a fair trial when it entered a judgment of conviction for domestic violence against the manifest weight of the evidence. Fifth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution. (T. pp. 227-228; Judgment Entry Filed July 26, 2007).
 {¶ 6} In his first assignment of error, Cosgrove argues that the jury finding him guilty of domestic violence was not supported by sufficient evidence. Essentially, Cosgrove maintains that he did not have the specific intent of knowingly attempting to cause his mother physical harm when he kicked her. In addition, Cosgrove argues that even if he had the mens rea to commit domestic violence, the fact that he stopped kicking his mother and left her apartment indicates a voluntary renunciation of any potential criminal purpose. In his second *Page 4 
assignment of error, Cosgrove argues that the jury lost its way when it convicted him of domestic violence.
 {¶ 7} When reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 8} By contrast, when determining whether a conviction is against the manifest weight of the evidence in a criminal case, a reviewing court must examine the entire record, "`[weigh] the evidence and all reasonable inferences, consider the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App. 3d 172, 175,485 N.E. 2d 717.
 {¶ 9} Cosgrove was convicted of domestic violence under R.C. 2919.25(A), which provides: "No person shall knowingly cause orattempt to cause physical harm to a family or household member." Emphasis added. The Ohio Revised Code further states, "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or *Page 5 
will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Physical harm is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).
 {¶ 10} Cosgrove is not disputing the fact that Delores, the victim, is his mother. In addition, the prosecution stipulated that Delores did not suffer any physical harm. Thus, the only issue is whether there was sufficient evidence to find that Cosgrove knowingly attempted to cause physical harm to Delores. See R.C. 2919.25(A).
 {¶ 11} Delores Cosgrove, Cosgrove's mother, testified that Cosgrove came over to visit her on February 25. (Tr. 5/14/07 at 106, 111). Cosgrove was using the computer, and Delores was sitting in her chair when he asked his mother for money. (Id. at 110-111). Delores told Cosgrove that she "didn't think [she] could give him any money at that time because it was near the end of the month and he had to wait until the 1st of the month" because that is when she gets one of her checks. (Id. at 111). Delores testified:
 A. * * * And so anyhow it made him angry and then he threw that chair over that was in front of the computer and he came over and kicked me and then he moved backwards and kicked up into the air a couple of times.
 * * *
 Q. When you say that he kicked you, where exactly did he kick you?
 A. On the right knee. *Page 6 
 Q. And did his foot make contact with your knee?
 A. Yes.
 * * *
 A. Well when he left I locked the door because I was afraid that he would come back in and then I called my other children. I thought we should get together and confront him as a group but they thought he wouldn't accept anything from us and take us all on. That's the way they put it.
(Id. at 111-112). On cross-examination, Delores described the kick as a quick kick and stated that Cosgrove was "close enough so he could kick" but that "it wasn't like he was on top" of her. (Id. at 123, 124). Further, Delores testified that after Cosgrove kicked her "he moved back and kicked in the air some so I think he was thinking of the punishment he had before. He might have felt sorry that he did kick me." (Id. at 124). Delores was not treated for any injury and there was no bruise on her knee. (Id. at 127, 136). On redirect, Delores stated that she had been having problems with her knee and her knee "seemed like it was better after he kicked it." (Id. at 152).
 {¶ 12} In addition, Delores testified that she had the door locked and Cosgrove kicked on the door. (Id at 112). Delores thought he was going to kick the door down and she was "very much afraid." (Id. at 113). On cross-examination, Delores testified that she did not look outside to see if it was Cosgrove but just assumed it was him. (Id. at 136).
 {¶ 13} In this case, Delores testified that Cosgrove asked her for money, and when she said she did not think she could give him money until the first of the *Page 7 
month, he kicked her. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Cosgrove was aware that when he kicked into the air while he was near his mother that it would probably cause her to be kicked. The fact that she was not injured is irrelevant as the domestic violence statute does not require evidence of an injury but instead requires an attempt to cause harm. State v. Whitfield, 1st Dist. No. C-020241, 2002-Ohio-5984, ¶ 13. After reviewing the record, we find that, when reviewing the evidence in a light most favorable to the prosecution, there was sufficient evidence for a rational jury to find Cosgrove guilty of domestic violence under R.C. 2919.25(A).
 {¶ 14} Cosgrove also argues that he voluntary renunciated the act, pointing to the Seventh District's case of City of Youngstown v.Osso (1996), 115 Ohio App.3d 416, 685 N.E. 2d 593. However,Osso is distinguishable from this case.
 {¶ 15} In Osso, the appellant began kicking the front door of a residence that he and Michelle Osso owned and which was occupied by Michelle, Michelle's sister, and Michelle's mother. Id. at 417. The appellant stopped kicking the door and left the residence. Id. At the trial, the testimony indicated that the appellant damaged the door, and the appellant maintained that he *Page 8 
"abandoned any alleged effort to commit an offense and thereby completely and voluntarily renunciated any criminal purpose." Id. at 418. The court found that, based upon the evidence at trial, the trial court could not have inferred that the appellant attempted to cause physical harm. Id.
 {¶ 16} However, this case is clearly distinguishable fromOsso because Cosgrove actually kicked his mother. Furthermore, Cosgrove could not have voluntarily renunciated his criminal purpose when he stopped kicking and left because the offense had already been committed.
 {¶ 17} Moreover, we cannot find that the jury clearly lost its way or created a manifest miscarriage of justice when it convicted Cosgrove of domestic violence. Thompkins, 78 Ohio St.3d at 387, quotingMartin, 20 Ohio App. 3d at 175. Cosgrove correctly points out that the prosecution reiterated in closing arguments that Cosgrove returned to the apartment and kicked the door and that Delores admitted on cross-examination that she assumed the person that kicked the door was Cosgrove. (Tr. 5/14/07 at 207; Id. at 136-137). However, those aforementioned facts do not establish that the jury clearly lost its way as the charge of domestic violence was based on Cosgrove kicking Delores not whether Cosgrove did in fact kick the door. Moreover, Delores clearly testified that she was Cosgrove's mother and that Cosgrove kicked her. (Id. at 106; id. at 111). *Page 9 
 {¶ 18} Cosgrove's first and second assignments of error are, therefore, overruled.
 {¶ 19} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 WILLAMOWSKI and ROGERS, J.J., concur.
[1] The indictment stated that Cosgrove had been convicted of two prior domestic violence charges. Since Cosgrove has previously been convicted of two offenses of domestic violence, a violation of R.C. 2919.25(A) is a third degree felony. R.C. 2919.25(D)(4).
[2] We simply note that the transcript indicates that trial counsel erroneously referred to the motion as a motion for a directed verdict pursuant to Crim. R. 29 rather than a Crim. R. 29 motion for acquittal. (Tr. 5/14/07at 178). *Page 1