OPINION
{¶ 1} Appellant, Thomas James Reese, appeals from a final judgment of the Trumbull County Court of Common Pleas, issued after a bench trial. He was convicted of two counts of attempted murder, two counts of felonious assault, one count of aggravated menacing, and one count of criminal damaging. For the following reasons, the judgment of the trial court is reversed and this matter is remanded.
 {¶ 2} The record discloses the following facts. Prior to appellant's arraignment, Anthony Consoldane ("Mr. Consoldane"), of the Ohio Public Defender's Office, was appointed by the trial court to represent appellant. On September 19, 2001, a Trumbull County Grand Jury indicted appellant on two counts of attempted murder, two counts of felonious assault, one count of aggravated menacing, and one count of criminal damaging.
 {¶ 3} Following appellant's indictment, the parties proceeded to meet at fifteen separate pre-trial hearings. On February 12, 2002, during the seventh pre-trial hearing, appellant specifically waived his right to be represented by counsel and requested that he be allowed to represent himself for the remainder of the proceedings. The trial court explained to appellant that he had a constitutional right to appointed representation, and his waiver of this right would in no way affect his obligation to follow the rules and procedures of the court. Appellant stated that he understood the risks associated with proceeding as a pro se defendant and reiterated that he wished to represent himself. The trial court reluctantly granted appellant's request and removed Mr. Consoldane as appointed counsel. However, the trial court expressly ordered that Mr. Consoldane continue to assist appellant as stand-by counsel.
 {¶ 4} On February 26, 2002, the parties again met for a pre-trial hearing. At this time, appellant, acting pro se, stated that he wanted to waive his right to a jury trial and asked that he be tried before a three-judge panel. The trial court explained to appellant that a three-judge panel was not appropriate because he had not committed a capital offense and clarified that he would be tried before only one judge. Appellant then withdrew his jury trial waiver.
 {¶ 5} On March 5, 2002, during another pre-trial hearing, appellant signed and submitted a written waiver of counsel. At the conclusion of this pre-trial hearing, appellant restated that he wished to waive his right to a jury trial and proceed before a three-judge panel. The trial court again made clear that such waiver would result in a trial before a single judge rather than a three-judge panel. Appellant again withdrew his jury waiver.
 {¶ 6} During a March 19, 2002 pre-trial hearing, appellant once more explained that he wanted to waive his right to a jury trial. The trial court explained to appellant the possible disadvantages of a bench trial and restated that the trial would be before only a single judge. Appellant acknowledged that he understood the surrounding circumstances and still wanted to waive his right to a jury trial. Appellant then signed a written jury trial waiver form.
 {¶ 7} On April 29, 2002, a bench trial was held wherein appellant was found guilty of all six counts of the indictment. Subsequently, the trial court sentenced appellant to an aggregate term of twenty-five years on all counts.
 {¶ 8} Appellant now sets forth the following assignment of error for our consideration:[1]
 {¶ 9} "The Trial Court Did Not Strictly Comply With Ohio Revised Code Section R.C. 2945.05 In Accepting Appellant's Jury Trial Waiver Therefore The Trial Court Lacked The Jurisdiction To Conduct A Bench Trial."
 {¶ 10} Under his sole assignment of error, appellant presents us with three separate issues. Each issue is based upon the trial court's alleged non-compliance with the requirements necessary for appellant to properly waive his right to a jury trial. Specifically, appellant argues that the trial court's failure to strictly comply with the requirements of R.C. 2945.05 resulted in the deprivation of the trial court's jurisdiction to proceed with a bench trial.
 {¶ 11} R.C. 2945.05 provides the statutory prerequisites that must be satisfied to execute a valid jury trial waiver, to wit:
 {¶ 12} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *
 {¶ 13} "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."
 {¶ 14} The requirements of R.C. 2945.05 are satisfied if there is a written waiver signed by the defendant, made in open court and filed with the court after arraignment, and the defendant was given the opportunityto consult with counsel prior to the waiver. State v. Jells (1990),53 Ohio St.3d 22, 26. "`[W]here the record does not reflect strict compliance [with R.C. 2945.05], the trial court is without jurisdiction to try the defendant without a jury.'" State v. Pless, 74 Ohio St.3d 333,338, 1996-Ohio-102, quoting State ex rel. Jackson v. Dallman (1994),70 Ohio St.3d 261, 262. In short, if the conditions of R.C. 2945.05 are not strictly complied with, then the trial court has committed prejudicial error and we must remand the matter on appeal. See, e.g.,State v. Cleckner (Aug. 25, 1995) 11th Dist. No. 94-L-126, 1995 Ohio App. LEXIS 3491.
 {¶ 15} The first issue set forth by appellant is dispositive of this appeal. Appellant first argues that the trial court failed to strictly comply with R.C. 2945.05 because it failed to allow appellant, who was acting pro se, the opportunity to consult with counsel prior to his waiver. Specifically, appellant contends that "[s]trict compliance with ORC Section 2945.05 necessitates that a method be devised to ensure that a pro se defendant seeking to waive the right to a trial by jury will have a meaningful right to speak to an attorney about the intended jury trial waiver before that waiver is accepted by the trial court."
 {¶ 16} Appellant does not challenge the legitimacy of his overall waiver of counsel. Furthermore, appellant concedes that a properly signed written jury trial waiver form was filed with the trial court. Nevertheless, appellant concludes that "[a] pro se criminal defendant cannot, acting entirely alone, waive the right to a jury trial." We agree to the limited extent that the record must demonstrate that a pro se defendant was given the opportunity to consult with an attorney prior to waiver of a jury trial.
 {¶ 17} Neither party has set forth any authority which speaks directly to the issue of whether a pro se defendant must be afforded an opportunity to consult with an attorney prior to his or her waiver of a jury trial. Moreover, this court was unable to find any controlling precedent. As this appears to be a case of first impression, we begin with the language of R.C. 2945.05.
 {¶ 18} The Ohio Supreme Court has consistently held that the requirements of R.C. 2945.05 are mandatory and, absent strict compliance, a court lacks jurisdiction to try a defendant without a jury. See, e.g. State v. Thomas, 97 Ohio St.3d 309, 2002-Ohio-6624;Pless at 340; Dallman. In doing so, the Court has examined the language of R.C. 2945.05 and determined that "the requirements of R.C. 2945.05 are clear and unambiguous, and we are constrained to enforce the statute as written." Pless at 340. The Court has further explained, "[i]f we were to ignore this statute, as some would have us do, then, henceforth, no clear and unambiguous statute would be safe from a `substantial compliance' interpretation." Id.
 {¶ 19} The Court's analysis demonstrates the importance placed upon the trial court's strict adherence to the requirements of R.C. 2945.05. The necessity of strict compliance with these statutory prerequisites is based upon the right to a jury trial being a fundamental constitutional right. See, e.g., State v. Baston, 85 Ohio St.3d 418, 422,1999-Ohio-280.
{¶ 20} After reviewing the relevant language of R.C. 2945.05, it is evident that the trial court was not in strict compliance. R.C. 2945.05
expressly states that a defendant must be given an "opportunity to consult with counsel" prior to his or her waiver of a jury trial. This clear and unambiguous language fails to carve out any exception for a defendant that is representing himself. To the contrary, this language requires that the trial court give all defendants, regardless of their pro se status, the opportunity to consult with counsel. Moreover, the intent of the statute is to protect a defendant from a waiver that is not knowing, intelligent and voluntary. See, e.g., State v. Bays,87 Ohio St.3d 15, 19, 1999-Ohio-216. We will not create an exception contradicting the clear language and intent of R.C. 2945.05. Nor will we accept less than strict compliance from the trial court.
 {¶ 21} Courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right. State v. Dyer
(1996), 117 Ohio App.3d 92, 95. As a result, a valid waiver must affirmatively appear in the record, and the state bears the burden of overcoming the presumption against a valid waiver. Id.
 {¶ 22} A careful examination of the record before us fails to demonstrate that appellant was given an opportunity to consult with counsel prior to his jury trial waiver. Although Mr. Consoldane was appointed as stand-by counsel, the record does not affirmatively demonstrate whether he was present during the March 19, 2002 pre-trial hearing. Moreover, during that hearing, the trial court addressed appellant regarding the possible risks of waiving his right to a jury trial. It failed, however, to inquire if he had opportunity to consult with counsel prior to making his decision.
{¶ 23} Because the record has failed to give any indication that appellant's standby counsel was present or that appellant was given the opportunity to consult with an attorney immediately prior to his waiver of jury trial, the state has not met its burden. Thus, we hold that the trial court was not in strict compliance with R.C. 2945.05.
 {¶ 24} With respect to defendants who are represented by counsel, the Ohio Supreme Court has held that "`[t]here is no requirement for a trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. While it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so.'" (Citations omitted.) Thomas, at ¶ 26, quoting Jells at paragraph one of the syllabus.
 {¶ 25} When a defendant appears pro se, it is not clear if the foregoing rule of law requires a trial court to explain all possible implications to such pro se defendant prior to the acceptance of his or her jury trial waiver. That being said, we recognize that the trial court here went to great lengths to advise appellant of the possible risks associated with proceeding pro se and with waiving his right to a jury trial. Furthermore, the trial court continuously assisted appellant throughout the proceedings in an attempt to avoid the obvious foreseeable difficulties of appellant representing himself.
 {¶ 26} The language of R.C. 2945.05, however, is clear, and the trial court's failure to make a record demonstrating strict compliance with this language resulted in an improper waiver. As a result, despite the trial court's efforts, we are compelled to find prejudicial error.
{¶ 27} We make a particular note that our ruling today does not require that a pro se defendant must consult with counsel. Instead, our ruling is that the state must affirmatively demonstrate from the record that the pro se defendant had the opportunity to consult with counsel.
{¶ 28} Based upon the foregoing analysis, the trial court failed to strictly comply with R.C. 2945.05 and was without jurisdiction to proceed with a bench trial. Appellant's assignment of error is with merit. Accordingly, we vacate the judgment of the trial court, and remand this matter for a new trial consistent with this opinion. On remand, appellant has the right to a jury trial unless he waives that right and there is strict compliance with R.C. 2945.05.
Donald R. Ford, P.J., Concurs.
Diane V. Grendell, J., dissents with dissenting opinion.
[1] On appeal, appellant has retained new counsel and is no longer representing himself.