The STATE of Ohio, Appellee,

v.

BROOKE, Appellant.

[Cite as *State v. Brooke,* 165 Ohio App.3d 409, 2005-Ohio-6161.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2004–L–088.

Decided Nov. 18, 2005.

410

Charles E. Coulson, Lake County Prosecuting Attorney, and Amy E. Cheatham, Assistant Prosecuting Attorney, for appellee.

John J. Hurley, Jr., for appellant.

COLLEEN MARY O'TOOLE, Judge.

{¶ 1} Appellant, Betsy Brooke, appeals from the decision of the Lake County Court of Common Pleas denying her motion to dismiss or for alternative relief.

{¶ 2} On January 11, 2004, Brooke was indicted on one count of driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1), and driving with a prohibited concentration of alcohol in bodily substances, in violation of R.C. 4511.19(A)(2). Both counts were charged as fourth-degree felonies, as appellant had previously been convicted of three or more driving-under-the-influence offenses as defined by R.C. 4511.19. The indictment specified that appellant has been convicted of driving under the influence in Chardon Municipal Court on December 17, 1997; in Willoughby Municipal Court on July 1, 1998; and again in Chardon Municipal Court on April 12, 2001.

{¶ 3} On March 5, 2004, Brooke filed a motion to dismiss or for alternative relief, alleging that her prior convictions for driving under the influence were uncounseled and, therefore, could not be used to enhance the charges to fourth-degree felonies.

{¶ 4} In support of her motion, Brooke filed a sworn affidavit stating that as to each of her three prior driving-under-the-influence convictions, she was unrepresented by counsel, pleaded guilty, and received a penalty of confinement. Brooke filed copies of the transcripts from the plea hearings from her two prior Chardon convictions. Further, Brooke filed a sworn affidavit from a Willoughby Municipal Court bailiff confirming that no court record was available for the plea hearing related to the other prior conviction held on July 1, 1998.

{¶ 5} The state filed a response, attaching copies of written waivers of counsel executed by Brooke in all three prior convictions.

{¶ 6} On April 6, 2004, the court denied appellant's motion to dismiss or for alternative relief. The court concluded that "[Brooke] voluntarily rejected her right to counsel in all three convictions." Brooke then entered a plea of no contest to count two of driving with a prohibited blood-alcohol content. Brooke

was found guilty, and the remaining count was nolled. On May 25, 2004, the court held a sentencing hearing, and Brooke was sentenced to three years of community control, with specific sanctions and conditions, including 60 days in the Lake County Jail.

{¶ 7} Brooke filed a timely notice of appeal from the judgment entry denying her motion to dismiss or for alternative relief, raising one assignment of error for our review:

{¶ 8} "The trial court erred to the prejudice of appellant in denying her motion to dismiss or for alternative relief."

{¶ 9} At the outset, we note that as a rule, a past conviction cannot be attacked in a subsequent case. However, with regard to a collateral attack on a conviction that has been used to enhance the degree of a subsequent criminal offense, one constitutional infirmity has been recognized by the United States Supreme Court and Ohio Courts. "That infirmity consists of a conviction obtained without the assistance of counsel, or its corollary, an invalid waiver of the right to counsel." *State v. Culberson* (2001), 142 Ohio App.3d 656, 660, 756 N.E.2d 734, citing *State v. Brandon* (1989), 45 Ohio St.3d 85, 86, 543 N.E.2d 501; *Baldasar v. Illinois* (1980), 446 U.S. 222, 226, 100 S.Ct. 1585, 64 L.Ed.2d 169; *Nichols v. United States* (1994), 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745; *Custis v. United States* (1994), 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517. Thus, in this case, our review is limited to issues of the waiver of the right to counsel in the prior convictions, solely within the context of the current enhanced offense. This court distinguishes between a waiver of counsel by a defendant whose current offense is being enhanced because of a prior conviction and a claim to invalidate a prior plea or conviction.

{¶ 10} In her sole assignment of error, Brooke argues that the trial court erred in enhancing her driving-under-the-influence conviction from a misdemeanor to a felony based upon the three prior uncounseled pleas for which she was incarcerated.

{¶ 11} Upon review, we find Brooke's assignment of error to be persuasive.

{¶ 12} It is undisputed that an uncounseled misdemeanor conviction cannot be used to enhance a sentence in a later conviction. *Brandon,* 45 Ohio St.3d at 87, 543 N.E.2d 501. An uncounseled conviction is one in which the defendant was not represented by counsel and did not make a knowing and intelligent waiver of counsel. *State v. Carrion* (1992), 84 Ohio App.3d 27, 31, 616 N.E.2d 261.

■ {¶ 13} Brooke first contends that the trial court erred by not shifting the burden of proof of a valid waiver of the right to counsel, for each of her three prior convictions, to the prosecution. We agree.

■ {¶ 14} In its judgment entry denying Brooke's motion to dismiss or for alternate relief, the trial court held that "a defendant has the burden of presenting to the court evidence demonstrating that his convictions were uncounseled. If he fails to meet this burden, his convictions will be presumed to have been counseled." When challenging the use of a prior conviction, a defendant must assert an objection regarding the use of the conviction and then provide sufficient evidence to demonstrate a constitutional infirmity. *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361.

{¶ 15} When considering the proceedings of a prior conviction, the Ohio Supreme Court in *Brandon* held: "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." *Brandon*, 45 Ohio St.3d 85, 543 N.E.2d 501, at syllabus. The court also indicated that the establishment of a prima facie case is not difficult and may be accomplished by the defendant's testimony that he was uncounseled in proceedings leading to the prior conviction. Id., 45 Ohio St.3d at 87–88, 543 N.E.2d 501. That testimony is sufficient to shift the burden onto the state to prove that the defendant was counseled. Id. See, also, *State v. Fortson* (Dec. 22, 1995), 11th Dist. No. 95–P–0014, 1995 WL 815332.

{¶ 16} Also relevant is that this court has held that the state bears the burden of proving that a waiver of counsel was knowingly, intelligently, and voluntarily made. *State v. Reese*, 11th Dist. No. 2002–T–0068, 2004-Ohio-341, 2003 WL 23097097; *State v. Boughner*, 11th Dist. No. 98–G–2161, 1999 WL 1297606, at *7; *State v. Brown* (May 2, 1997), 11th Dist. No. 96–L–026, 1997 WL 269316, at *2. In other words, the prosecution must overcome the presumption against a valid waiver.

{¶ 17} In this case, Brooke provided a statement by affidavit that as to each of her three prior convictions, she was unrepresented by counsel and sentenced to confinement. Thus, we find that Brooke's argument is well taken and that the burden shifted to the state to prove a valid waiver of counsel in each of three prior convictions.

{¶ 18} Next, Brooke argues that the evidence submitted in her motion to dismiss does not support a finding of a valid waiver of her right to counsel in each of her three prior convictions.

{¶ 19} It is undisputed that Brooke signed a waiver of counsel and entered a plea of guilty in each of her three prior convictions and was sentenced to a period of confinement in all three prior convictions.

{¶ 20} Absent a valid waiver, no person may be imprisoned for any offense, whether a misdemeanor or a felony, unless represented by trial counsel. *State v. O'Neill* (2000), 140 Ohio App.3d 48, 51, 746 N.E.2d 654, citing *Argersinger v. Hamlin* (1972), 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530; *Scott v. Illinois* (1979), 440 U.S. 367, 374, 99 S.Ct. 1158, 59 L.Ed.2d 383. Thus, the main issue is whether Brooke knowingly waived her right to counsel.

{¶ 21} Brooke's first two convictions were misdemeanor offenses carrying the maximum penalty of up to 180 days in jail. The third conviction was punishable by up to one year of imprisonment.

{¶ 22} A petty offense is defined as "a misdemeanor other than [a] serious offense." Crim.R. 2(D). A serious offense is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Pursuant to R.C. 2929.21(B)(1), the term of imprisonment for a misdemeanor of the first degree is "not more than six months." Therefore, a misdemeanor of the first degree is a petty offense. Thus, Brooke's first two prior convictions were both misdemeanor petty offenses governed by Crim.R. 11(E) and 44(B) and (C).

{¶ 23} Crim.R. 44(B), which applies to Crim.R. 11(E), provides that in cases in which a defendant charged with a petty offense is unable to obtain counsel, no sentence may be imposed upon him, unless after being fully advised by the court that it may assign counsel to represent him, he knowingly, intelligently, and voluntarily waives assignment of counsel.

{¶ 24} Crim.R. 44(C) governs the procedure whereby a defendant may elect to waive the right to counsel. It provides as follows: "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

{¶ 25} Crim.R. 22 requires that "[i]n petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded."

{¶ 26} Brooke's third prior conviction, punishable by a penalty of up to one year imprisonment, was a "serious offense" governed by Crim.R. 44(A) and 11(D), which states, "Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty * * * unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right."

{¶ 27} This court has previously held that the requirements of the Rules of Criminal Procedure are mandatory. *State v. Bayer* (1995), 102 Ohio App.3d 172, 179, 656 N.E.2d 1314; *Warren v. Smith,* 11th Dist. Nos. 95–T–5185 and 95–T–5187, 1995 WL 815339. Therefore, pursuant to Crim.R. 44 and 22, the waiver of counsel must take place in open court and must be recorded, and in cases of serious offenses, the waiver must be in writing. See, also, *State v. Mascaro* (1991), 81 Ohio App.3d 214, 216, 610 N.E.2d 1031; *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 217, 17 OBR 458, 479 N.E.2d 309; *Brown,* 11th Dist. No. 96–L–26, at *2.

{¶ 28} A written waiver by itself is not sufficient to comply with the criminal rules. *State v. Dyer* (1996), 117 Ohio App.3d 92, 96, 689 N.E.2d 1034; *Brewer,* 17 Ohio App.3d at 217, 17 OBR 458, 479 N.E.2d 309; *Brown,* 11th Dist. No. 96–L–026, at *3.

{¶ 29} Upon a review of the record, we agree that Brooke waived her right to counsel indicating that she wanted to proceed without an attorney, by signing a waiver of counsel form in each of her three prior driving-under-the-influence-of-alcohol convictions under R.C. 4511.19. However, we cannot agree with the trial court's finding that "this Court must presume that the waivers were made knowingly and intelligently."

{¶ 30} There was no available transcript of the plea hearing held in Brooke's prior conviction in the Willoughby Municipal Court. Brooke produced a sworn affidavit from a court bailiff stating that no oral record or transcript of the plea hearing existed because any such record had been disposed of in accordance with the court's "standard retention policy." In response, the state produced a written waiver of counsel signed by Brooke at the time of her plea hearing in the Willoughby conviction.

{¶ 31} An appellant must provide a reviewing court with a transcript of the proceedings at which at which she pleaded guilty. If a transcript is unavailable, then a statement of the evidence made pursuant to App.R. 9 may be submitted. Without a proper record, an appellate court generally presumes that the proceedings in the trial court were correct. In the case sub judice, the parties did not submit an App.R 9(C) statement of the evidence or agreed statement under App.R. 9(D). Generally, the lack of a transcript or other alternative under App.R. 9 precludes an appellate court from reviewing alleged errors concerning factual findings because the appellant cannot demonstrate the alleged error in the record. In those circumstances, the appellate court must ordinarily presume regularity and affirm the trial court's decision. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. Thus, a waiver is deemed to have occurred.

{¶ 32} However, one exception to the waiver principle is the situation in which an appellate court is confronted with a silent record in a case involving the substantial rights of a defendant, in particular, the right to representation by counsel. In *Brewer*, the court stated: "The Sixth Amendment right to counsel extends to misdemeanor cases which could result in the imposition of a jail sentence. Because courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, that waiver must affirmatively appear on the record. A knowing and intelligent waiver will not be presumed from a silent record." (Citations omitted.) 17 Ohio App.3d at 217, 17 OBR 458, 479 N.E.2d 309. See, also, *Bayer*, 102 Ohio App.3d at 179, 656 N.E.2d 1314; *State v. Wellman* (1974), 37 Ohio St.2d 162, 66 O.O.2d 353, 309 N.E.2d 915, at paragraph two of the syllabus.

{¶ 33} For this reason, the waiver of the right to counsel must affirmatively appear on the record. *Dyer*, 117 Ohio App.3d at 95, 689 N.E.2d 1034; *Bayer*, 102 Ohio App.3d at 179, 656 N.E.2d 1314; *Brewer*, 17 Ohio App.3d at 217, 17 OBR 458, 479 N.E.2d 309; *Brown*, 11th Dist. No. 96–L–026, at \*2. "[A] written waiver of counsel is not a substitute for compliance with the Criminal Rules which require an oral waiver in open court before a judge *which is recorded.*" (Emphasis sic.) *Brewer*, 17 Ohio App.3d at 217, 17 OBR 458, 479 N.E.2d 309. See, also, *Cuyahoga Falls v. Simich* (1982), 5 Ohio App.3d 10, 5 OBR 11, 448 N.E.2d 839.

{¶ 34} Based upon the foregoing, the failure to provide the court with the transcript from the Willoughby court plea hearing cannot be attributed to Brooke. The lack of a transcript or an App.R 9(C) or 9(D) statement of proceedings constitutes a silent record. Thus, pursuant to *Dyer*, this court is obligated to presume that Brooke's right to counsel was not waived at her prior conviction plea hearing in the Willoughby Municipal Court. See, also, *Boughner*, 11th Dist. No. 98–G–2161, at \*7.

{¶ 35} We next turn to Brooke's two prior convictions in the Chardon Municipal Court. Brooke produced copies of the transcripts from the plea hearings of her two prior convictions in Chardon Municipal Court held on December 17, 1997, and April 12, 2001. Brooke argues that the transcripts from those proceedings are insufficient to demonstrate that she knowingly, voluntarily, and intelligently waived her right to counsel in each of those convictions. We agree.

{¶ 36} In cases in which the right to counsel is waived, the court "must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph two of the syllabus; *Boughner*, 11th Dist. No. 98–G–2161, at \*5. To constitute a valid waiver of

counsel, a defendant must be advised of the following: " '[T]he nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.' " *Gibson,* 45 Ohio St.2d at 377, 74 O.O.2d 525, 345 N.E.2d 399, quoting *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309. See, also, *State v. DeNiro,* 11th Dist No. 93–A–1775, 1994 WL 721641; *State v. Dressler* (May 2, 1997), 11th Dist. No. 95–P–0001, 1997 WL 269193; *State v. Clevenger,* 11th Dist. No. 2001–L–160, 2002-Ohio-5515, 2002 WL 31341521.

{¶ 37} The transcript of Brooke's plea hearing in Chardon Municipal Court on December 17, 1997, reveals the following colloquy:

{¶ 38} "The Court: You don't want an attorney here today? You don't want to get an attorney?

{¶ 39} "Ms. Brooke: I don't see much point in it.

{¶ 40} "The Court: Okay, Now—

{¶ 41} "Ms. Brooke: I did it. I'm not going to lie about that.

{¶ 42} "The Court: Before I accept your plea of guilty in this kind of charge, I have to have one of your rights waived in writing, and that's the right to an attorney. So, if you would sign that for me please.

{¶ 43} "Ms. Brooke: What are we the 15th?

{¶ 44} "Mike: No, today's; [sic] the 17th.

{¶ 45} "The Court: Okay, did you read and understand that?

{¶ 46} "Ms. Brooke: Yes, sir."

{¶ 47} The dialogue between the court and Brooke at her plea hearing for her third driving-under-the-influence violation, held on April 12, 2001 was as follows:

{¶ 48} "The Court: * * * Okay, Betsy, you don't wish to have an attorney?

{¶ 49} "Ms. Brooke: No. sir.

{¶ 50} "The Court: Okay."

{¶ 51} We find nothing in the trial court's exchange with Brooke, to suggest that the court engaged in the type of inquiry envisioned by the Ohio Supreme Court in *Gibson* in either of these plea hearings. It is well settled that any waiver "must pass constitutional muster prior to the waiver having the effect of obviating a defendant's constitutional right to counsel." *State v. Ebersole* (1995), 107 Ohio App.3d 288, 294, 668 N.E.2d 934. "In order to establish an effective waiver of [the] right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently

relinquishes that right." *Gibson,* 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, at paragraph two of the syllabus. See, also, *State v. Glasure* (1999), 132 Ohio App.3d 227, 236, 724 N.E.2d 1165 (suggesting that a knowing, intelligent, and voluntary waiver of the right to counsel should not be inferred unless the record affirmatively demonstrates that the defendant understood the nature of the charges, the possible defenses, and the evidence the state would present). *State v. Debrill,* 2nd Dist. No. 19204, 2002-Ohio-6199, 2002 WL 31528747, at ¶ 4.

{¶ 52} Thus, it is not sufficient to simply have the defendant state that he is waiving his right to counsel or merely sign a written waiver. To hold otherwise would render the words "knowingly, intelligently, and voluntarily" meaningless. The defendant must affirmatively demonstrate in a recorded colloquy on the record between the judge and the defendant that the defendant has an appreciation of his right to counsel and despite that knowledge is willing to proceed without counsel.

{¶ 53} In a review of an effective waiver of the fundamental constitutional right to counsel, the usual presumption of the regularity of trial proceedings does not apply, because Crim.R. 44(C) mandates that the advice of the court and the waiver of counsel must be recorded in accordance with Crim.R. 22. *Dressler,* 11th Dist. No. 95–P–0001, at *4. See, also, *Dyer,* 117 Ohio App.3d at 96, 689 N.E.2d 1034.

{¶ 54} In this case, the record fails to demonstrate that the trial court complied with the requirements of Crim.R. 44 and 22. Nowhere in the record does it affirmatively appear that appellant entered a valid waiver of her right to be represented by counsel in each of her two prior convictions in the Chardon Municipal Court.

{¶ 55} For the foregoing reasons, Brooke's sole assignment of error has merit. Any use of her three prior convictions for enhancement of the current charge is impermissible. The trial court's judgment denying Brooke's motion to dismiss or for alternative relief is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

FORD, P.J., and O'NEILL, J., concur.