OPINION
{¶ 1} Defendant-appellant, Terrance T. Dowhan, appeals the Judgment Entry of the Lake County Court of Common Pleas, in which Dowhan was found guilty of Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them, a felony of the fourth degree, in violation of R.C. 4511.19(A)(1)(a). For the following reasons, we affirm the decision of the trial court. *Page 2 
 {¶ 2} On December 10, 2006, Dowhan was driving his vehicle in Eastlake, Ohio. An officer observed him veer off the road and onto a bike path. He was then pulled over and the officer detected a strong smell of alcohol. The officer witnessed Dowhan slurring his speech and noticed that Dowhan's eyes were red and watery. After performing field sobriety tests, the officer determined Dowhan was under the influence of alcohol and placed him under arrest.
 {¶ 3} An indictment was filed, charging Dowhan with Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them, carrying with it a specification that Dowhan had previously been convicted of or pleaded guilty to five or more violations of R.C. 4511.19 within the past 20 years.
 {¶ 4} Dowhan filed a Motion in Limine, which sought to exclude two of his prior convictions, a July 18, 1998 conviction from Mentor Municipal Court and a July 17, 1995 conviction from Willoughby Municipal court. Dowhan claimed that in both cases he "was never actually convicted of any crime under the law." The court subsequently denied his motion and the matter proceeded to a jury trial. At trial, the jury found Dowhan guilty. He made a Motion for Acquittal pursuant to Crim. R. 29, which was denied. He was later sentenced to serve a prison term of 30 months, with 12 months suspended, and an additional 12 months for the specification, for a total of 30 months in prison.
 {¶ 5} Dowhan timely appeals and raises the following assignments of error:
 {¶ 6} "[1.] The trial court erred to the prejudice of the defendant-appellant when it permitted the presentation of evidence regarding alleged prior OVI convictions in violation of the defendant-appellant's state and federal constitutional rights to due process and a fair trial. *Page 3 
 {¶ 7} "[2.] The trial court violated the defendant-appellant's constitutional rights to fair trial and due process as guaranteed by theSixth and Fourteenth Amendments to the United States Constitution and Sections 5 and 10, Article I of the Ohio Constitution when it barred defense counsel from arguing against the elements of the offense.
 {¶ 8} "[3.] The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim. R. 29."
 {¶ 9} Dowhan maintains that his prior 1998 OVI conviction from the Mentor Municipal Court was invalid as well, because the court failed to impose a sentence that was mandated by statute. Further, instead of a minimum of ten days imprisonment, Dowhan was sent to the Freedom House treatment program for 60 days with work release. He claims the treatment program was an "illegal sentence" because he was not sentenced to the mandatory jail time as prescribed by statute[1] . Dowhan further asserts that this 1998 prior conviction failed to comply with the requirements of Crim. R. 43(A) because he did not appear before a judge; he claims that "his case was processed in his absence and logged in the Court's records as a plea to a DUI."
 {¶ 10} The State argues that Dowhan is making an impermissible collateral attack on the 1998 conviction and consequently, Dowhan's claims should fail. We agree. A collateral attack is defined as "an attempt to defeat the operation of a judgment, in a proceeding where some new right derived from or through the judgment is involved."Ohio Pyro, Inc. v. Ohio Dept. of Commerce, 115 Ohio St.3d 375,2007-Ohio-5024, at ¶ 16 (citation omitted). "Black's Law Dictionary (8th Ed. 2004) 278, defines `collateral attack' as `[a]n attack on a judgment in a proceeding other than a direct *Page 4 
appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective.'" Id. at ¶ 17.
 {¶ 11} In the United States Supreme Court's decision in Custis v.United States (1994), 511 U.S. 485, 496, the court held that a criminal defendant can collaterally challenge the constitutional validity of a prior conviction only on the ground that he was denied the fundamental right to be represented by counsel in the prior proceeding. The court reasoned that collateral attacks on previous convictions should be limited to alleged uncounseled prior convictions because (1) there are administrative difficulties in having to rummage through frequently nonexistent or difficult-to-obtain state court files from another era and from far-flung jurisdictions, and (2) there is an interest in promoting finality of judgments. Id. at 496-497.
 {¶ 12} In State v. Culberson, 142 Ohio App.3d 656, 2001-Ohio-3261, the court held that, "when a criminal defendant is collaterally challenging a prior penalty-enhancing conviction on the basis of constitutional infirmity, the only recognized constitutional infirmity is that he or she was denied the fundamental right to be represented by counsel, or the necessary corollary, an invalid waiver of the right to counsel." Id. at 662-663; see also State v. Rockburn, 8th Dist. No. 82196, 2003-Ohio-3537, at ¶ 10; State v. Brooke, 165 Ohio App.3d 409,2005-Ohio-6161, at ¶ 9.
 {¶ 13} In this case, Dowhan did not allege that he was not represented by counsel in his prior case or that he entered an invalid waiver of the right to counsel. Thus, he cannot collaterally challenge his previous DUI conviction.
 {¶ 14} Dowhan claims that the 1995 judgment entry of the Willoughby Municipal Court failed to identify what offense Dowhan pleaded guilty to and what offense he was *Page 5 
convicted of, and therefore it failed to comply with Crim. R. 32(C). Crim. R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." Dowhan maintains that because of the deficiencies, the judgment entry is not proof of a prior conviction and was improperly admitted into evidence.
 {¶ 15} Upon review of the judgment entry in question, the elements set forth in Crim. R. 32(C) are met. The judgment entry sets forth the plea; an original plea of "not guilty" was written, which was later withdrawn and changed to "no contest". Moreover, the judgment entry shows a finding of guilty as well as the sentence of 180 days in jail, with 150 days suspended, a fine of $1000, with $350 suspended, and a license suspension. The judgment entry was also signed by the judge and it was filed and time stamped by the clerk of court. The Ohio Supreme Court has held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court." State v. Baker,119 Ohio St.3d 197, 2008-Ohio-3330, at syllabus.
 {¶ 16} In State v. Constable, 4th Dist. No. 08CA1, 2008-Ohio-4341, the defendant/appellant made an identical argument to Dowhan's. He claimed that since the judgment entry did not specifically state the crime committed or the code section violated, it did not comply with Crim. R. 32. The court disagreed and held that the *Page 6 
judgment entry was in compliance because it contained the appellant's plea, the court's verdict, the sentence, and was signed by the judge and journalized by the clerk. Id. at ¶ 8-9.
 {¶ 17} The 1995 judgment entry in the instant case complied with Crim. R. 32, constituted a final appealable order and, therefore, a valid conviction judgment entry, and thus, was properly admitted into evidence. Even if the judgment entry had not complied with Crim. R. 32, for the reasons addressed above, the argument is an impermissible collateral attack, consequently rendering his claim meritless.
 {¶ 18} Dowhan's first assignment of error is without merit.
 {¶ 19} In his second assignment of error, Dowhan maintains that the trial court abused its discretion by prohibiting his counsel from arguing about the sufficiency of the prior judgment entries from the Willoughby and Mentor Municipal courts before the jury; more specifically, when his counsel was barred from asking a question about a prior conviction to a witness and the barring of an argument about the sufficiency of the judgment entries in his closing argument.
 {¶ 20} The admission or exclusion of evidence is a matter entrusted to the sound discretion of the trial court and will not be overturned absent a showing that the court abused its discretion. State v.Hand, 107 Ohio St.3d 378, 2006-Ohio-18, at ¶ 92. "An abuse of discretion is more than [a] mere error of law or judgment, rather it implies the court's attitude was unreasonable, arbitrary or unconscionable."State v. Hale, 11th Dist. No. 2007-P-0015, 2007-Ohio-6244, at ¶ 63
(citation omitted).
 {¶ 21} Dowhan asserts that the court abused its discretion "due to its judicial bias, which made the trial court's decisions unreasonable and arbitrary." He further claims that the judge's "evidentiary rulings and his predetermined decision to exclude *Page 7 
any discussion of whether the journal entries were sufficient evidence of prior DUI convictions" supports his claim of judicial bias.
 {¶ 22} A trial judge is "presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity." State v. Pesec, 11th Dist. No. 2006-P-0084, 2007-Ohio-3846, at ¶ 84 (citations omitted). "The existence of prejudice or bias against a party is a matter that is particularly within the knowledge and reflection of each individual judge and is difficult to question unless the judge specifically verbalizes personal bias or prejudice toward a party." Id. (citations omitted).
 {¶ 23} At trial, Dowhan's counsel was attempting to attack the sufficiency of the judgment entries. The validity of the judgment entries was a question of law that was decided at a motion hearing prior to the trial. R.C. 2945.75(B)(1) states that when it "is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." The trial court had previously determined that the judgment entries met the statutory requirements and were in fact valid judgment entries as a matter of law. Thus, the court was proper in prohibiting Dowhan's counsel from arguing questions of law to the jury. We cannot say that the court abused its discretion.
 {¶ 24} Dowhan's second assignment of error is without merit.
 {¶ 25} In his third assignment of error, Dowhan argues that his Crim. R. 29 motion should have been granted because the state failed to prove beyond a reasonable doubt that Dowhan had five prior DUI convictions. *Page 8 
 {¶ 26} The Ohio Rules of Criminal Procedure provide that a defendant may move the trial court for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." Crim. R. 29(A). `"[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury," i.e. "whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, quoting Black's Law Dictionary (6 Ed. 1990), 1433. Essentially, "sufficiency is a test of adequacy," that challenges whether the state's evidence has created an issue for the jury to decide regarding each element of the offense. Id.
 {¶ 27} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus, following Jackson v. Virginia (1979),443 U.S. 307, 319. In reviewing the sufficiency of the evidence to support a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 28} Weight of the evidence, in contrast to its sufficiency, involves "the inclination of the greater amount of credible evidence."Thompkins, 78 Ohio St.3d at 387 (citation omitted) (emphasis omitted). Whereas the "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support the verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, at ¶ 25 (citation omitted). *Page 9 
"In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's?" Id.
 {¶ 29} Generally, the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79, at the syllabus. When reviewing a manifest weight challenge, however, the appellate court sits as the "thirteenth juror." Thompkins, 78 Ohio St.3d at 387
(citation omitted). The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses, to determine whether. "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. (citation omitted).
 {¶ 30} Dowhan claims that since the judgment entries from the Willoughby Municipal Court and the Mentor Municipal Court were deficient, then there was not sufficient evidence to support the state's argument that he had five previous OVI convictions. We addressed this argument in the first assignment of error and concluded the judgment entries were not deficient; however, even if these judgment entries were erroneously admitted into evidence, we review the sufficiency of evidence as admitted at trial, including evidence that was erroneously admitted. See State v. Jeffries, 11th Dist. No. 2005-L-057,2007-Ohio-3366, at ¶ 102, overruled on other grounds by State v.Jeffries, 119 Ohio St.3d 265, 2008-Ohio-3865.
 {¶ 31} The state presented evidence of Dowhan's prior convictions with certified copies of judgment entries from his prior OVI cases. R.C. 2945.75(B)(1) provides that *Page 10 
"[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." After reviewing the evidence presented at trial, there was sufficient evidence to convict Dowhan.
 {¶ 32} Dowhan's third assignment of error is without merit.
 {¶ 33} For the foregoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, finding Dowhan guilty of Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them, in violation of R.C. 4511.19(A)(1)(a), with a specification that Dowhan had been previously convicted of or pleaded guilty to five or more violations of R.C. 4511.19(A) or (B), is affirmed. Costs to be taxed against appellant.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY O'TOOLE, J., concurs in judgment only.
[1] Dowhan had received two prior OVIs in six years at the time of conviction, thus, pursuant to former R.C. 4511.99(a)(2)(a)(e), he was required to serve a ten day term of imprisonment. *Page 1