[Cite as *Dowhan v. Dowhan*, 2013-Ohio-4097.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| SHARON M. DOWHAN, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-065** |
| TERRANCE DOWHAN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 08 DR 000652.

Judgment: Affirmed.

*Pamela D. Kurt* and *Randy A. Vermilya*, 30432 Euclid Avenue, Suite 101, Wickliffe, OH 44092 (For Plaintiff-Appellee).

*Edwin V. Hargate,* 18519 Underwood Avenue, Cleveland, OH 44119 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Terrance Dowhan, appeals the Judgment of the Lake County Court of Common Pleas, Domestic Relations Division, denying his Motion to Modify Custody and Establish Visitation. The issue before this court is whether a court may adjudicate a motion to modify visitation based on the outcome of a related proceeding to establish a civil protection order. For the following reasons, we affirm the decision of the court below.

{¶2} On April 1, 2009, the Lake County Court of Common Pleas, Domestic Relations Division, granted a divorce to plaintiff-appellee, Sharon M. Dowhan, and Terrance Dowhan. At the time of the divorce, the parties were the parents of three minor children. The Judgment Entry of Divorce provided, in relevant part, that Terrance "shall not have parenting time until further order of court or upon motion filed by defendant."

{¶3} At the time of the divorce, Terrance was serving a thirty-month prison sentence for Operating a Vehicle under the Influence of Alcohol. *State v. Dowhan*, 11th Dist. Lake No. 2008-L-064, 2009-Ohio-684, ¶ 3-4.

{¶4} On February 8, 2011, Sharon filed a petition for a Domestic Violence Civil Protection Order, docketed as Lake County Court of Common Pleas, Domestic Relations Division, Case No. 11 DV 000019, after receiving a letter from Terrance threatening her with serious physical injury. *Dowhan v. Dowhan*, 11th Dist. Lake No. 2012-L-037, 2012-Ohio-5830, ¶ 4 and 26 ("my aim is to hurt you for doing all you have done to me").

{¶5} On April 18, 2011, Terrance was released from incarceration. *Id.* at ¶ 5.

{¶6} On April 25, 2011, the domestic relations court, in Case No. 11 DV 000019, granted Sharon a protection order, ordering Terrance to maintain a distance of 1,000 feet from her and the children, effective until April 22, 2016. This order was not appealed. *Id.* at ¶ 5-6.

{¶7} On July 1, 2011, Terrance filed a Motion to Modify Custody and Establish Visitation. Terrance argued that, at the time of the divorce, he "was incarcerated and undergoing alcohol treatment." Since that time, "[h]e has completed all his treatment

2

and * * * is complying well with all terms of probation." Terrance further asserted that he "is clean and sober, and he has all precautions in place to make sure that he maintains that lifestyle."

{¶8} On November 17, 2011, in Case No. 11 DV 000019, Terrance filed a motion to modify the protection order by removing the children as protected persons. *Id.* at ¶ 6.

{¶9} On April 4, 2012, the domestic relations court, in Case No. 11 DV 000019, denied the motion to modify the protection order and this court, in *Dowhan v. Dowhan*, 11th Dist. Lake No. 2012-L-037, 2012-Ohio-5830, affirmed.

{¶10} This court recognized that "[t]here is no dispute that Sharon was the victim of unabated physical abuse at the hands of appellant for 15 years," during which time she witnessed "countless acts of physical abuse committed by appellant against the children." *Id.* at ¶ 49. One of the children (now emancipated) and Terrance's step-daughter testified in support of the protection order, noting that life with Terrance was "a living hell" and detailing various acts of physical and mental abuse committed by Terrance against them, Sharon, and their younger siblings. *Id.* at ¶ 12-20.

{¶11} On May 16, 2012, the domestic relations court denied Terrance's Motion to Modify Custody and Establish Visitation. The court acknowledged that, in the "companion case," Case No. 11 DV 000019, "[a] day of trial was held on [the motion to modify the protective order] before the undersigned Judge," in which "[t]he undersigned Judge found Mother and the children were in fear of imminent physical harm from Father."

**{¶12}** On June 11, 2012, Terrance filed a Notice of Appeal. On appeal, Terrance raises the following assignment of error:

**{¶13}** "[1.] The trial court erred when it summarily denied appellant's long pending motion to modify custody and establish visitation without a hearing on the basis of its denial of appellant's motion to modify a civil protection order in 11 DV 000019, which violates appellant's constitutional rights and is contrary to law and is an abuse of discretion."

**{¶14}** Terrance asserts that the domestic relations court's refusal to consider his Motion to Modify Custody based on civil protection order proceedings violates the statutory provisions governing protection orders. Under these provisions, a protection order "may * * * [t]emporarily allocate parental rights and responsibilities for the care of, or establish temporary parenting time rights with regard to, minor children, if no other court has determined, or is determining, the allocation of parental rights and responsibilities for the minor children or parenting time rights." R.C. 3113.31(E)(1)(d). Such an order "shall terminate on the date that a court in an action for divorce, dissolution of marriage, or legal separation brought by the petitioner or respondent issues an order allocating parental rights and responsibilities for the care of children." R.C. 3113.31(E)(3)(b). "[W]hile the statute permits a court to issue temporary orders allocating parental rights and responsibilities in order to stop domestic violence, it does not vest the court with authority to modify the allocation of parental rights and responsibilities in the CPO proceeding." *Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105, 865 N.E.2d 924, ¶ 23 (4th Dist.).

4

**{¶15}** The statutes and authorities relied upon by Terrance are inapposite to the present situation. The statutes and case law contemplate the situation where a protection order is issued pending the final allocation of parental rights and responsibilities in a divorce or dissolution proceeding. In the present case, parental rights and responsibilities were determined in the April 2009 Judgment Entry of Divorce, almost two years before Sharon applied for a protection order. Sharon was awarded custody of the children and Terrance received no parenting time. The subsequent protection order, preventing Terrance from coming within 1,000 feet of Sharon or the children, is wholly consistent with the allocation of parental rights and responsibilities set forth in the divorce decree.

**{¶16}** Terrance further argues that he was deprived of procedural due process, i.e., the opportunity to be heard, by the domestic relations court denying his Motion to Modify Custody without a hearing. *State v. Hochhausler*, 76 Ohio St.3d 455, 459, 668 N.E.2d 457 (1996). We disagree.

**{¶17}** Due process "is not a technical conception with a fixed content unrelated to time, place and circumstances," but rather "expresses the requirement of 'fundamental fairness,' a requirement whose meaning can be as opaque as its importance is lofty." (Citations omitted.) *State v. Warren*, 118 Ohio St.3d 200, 2008-Ohio-2011, 887 N.E.2d 1145, ¶ 28. In other words, "the concept of due process is flexible and varies depending on the importance attached to the interest and the particular circumstances under which the deprivation may occur." *Hochhausler* at 459.

**{¶18}** In the present case, the same judge and court conducted a hearing on the motion to modify the protection order, filed only four months after the Motion to Modify

5

Custody. The domestic relations court affirmed the terms of the protection order that prohibited Terrance from coming within 1,000 feet of the children. The court found that Terrance's desire to have a relationship with his children "cannot overcome the testimony of Mother, [adult child, and step-child] as to the brutality the children have experienced along with their present fear of a reoccurrence of imminent physical harm from Father as to Mother and their siblings." *Dowhan*, 2012-Ohio-5830, at ¶ 28.

{¶19} The fact that Terrance cannot come within 1,000 feet of the children renders a hearing on his Motion to Modify Custody unnecessary. We need not notice the underlying factual basis for the protection order, since it is the fact of the protection order and its terms which preclude the possibility of Terrance exercising visitation with his children. The failure to hold a hearing on the Motion to Modify did not deprive Terrance of the opportunity to be heard, as Terrance had fully exercised that right in the proceeding to modify the protection order and the appeal thereof. Modification of the protection order is a necessary prequisite to the establishment of parenting time with the children.

{¶20} The sole assignment of error is without merit.

{¶21} For the foregoing reasons, the Judgment of the Lake County Court of Common Pleas, Domestic Relations Division, denying Terrance's Motion to Modify Custody and Establish Visitation, is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J., concurs,

THOMAS R. WRIGHT, J., dissents with Dissenting Opinion.

6

_____

THOMAS R. WRIGHT, J., dissents with Dissenting Opinion.

{¶22} Essentially, the court's denial of the motion was based upon the intake of evidence adduced in the trial of the civil protection order action. I agree with appellant that this constitutes error.

{¶23} As a threshold matter, "when reviewing the propriety of a trial court's determination in a domestic relations case, [the Ohio Supreme Court] has always applied the 'abuse of discretion' standard." *Lake v. Lake*, 11th Dist. Portage No. 2009-P-0015, 2010-Ohio-588, ¶66, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed. Rev. 2004) 11." *Sertz v. Sertz*, 11th Dist. Lake No. 2011-L-063, 2012-Ohio-2120, ¶31. "[W]hen an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error.'" *Id.*

{¶24} "Evid.R. 201(B) provides that judicial notice may be taken of any fact which is not in dispute and which is capable of ready determination by resort to certain sources. In applying this rule, the courts of this state have consistently held that a trial court cannot take judicial notice of proceedings in a separate action, even if the prior action was between the same parties and was tried before the same trial judge. *See State v. Raymundo*, 1995 Ohio App. LEXIS 3395 (Aug. 18, 1995), Trumbull App. No. 94-T-5025, unreported, * * *; *Phillips v. Rayburn*, 1996 Ohio App. LEXIS 3570 (Aug. 9,

7

1996), Hocking App. No. 95CA26, unreported. *The rationale for this holding is that, if a trial court tries to take notice of a prior proceeding, the appellate court cannot review the propriety of the trial court's reliance on the prior case because the record of the prior case is not before the appellate court. Id.*" (Emphasis added). *Deli Table, Inc. v. Great Lakes Mall*, 11th Dist. Lake No. 95-L-012, 1996 Ohio App. LEXIS 5930, *31-32 (Dec. 31, 1996).

{¶25} Although this court previously reviewed the record from the trial court's denial of appellant's motion to modify the civil protection order, that record is still not part of the record currently before us. Accordingly, the above rationale applies.

{¶26} Similarly, in the instant matter, the trial court's denial of appellant's motion to modify custody and establish visitation is predicated upon its review of testimony and evidence which had been presented in a separate action. Thus, the trial court relied on improper evidence in making its ruling because that evidence was not part of the record in the underlying matter involving custody and visitation. *See also Yannitell v. Oaks*, 4th Dist. Washington No. 07CA63, 2008-Ohio-6271, ¶31 (Appellant failed to make the CPO order part of the record in the motion for reallocation of parental rights and responsibilities or motion for modification of parenting time such that trial court would have been bound to another court's determinations regarding credibility of witnesses). I therefore dissent.

8