THE STATE OF OHIO, APPELLANT, *v.* JEFFRIES, APPELLEE.

[Cite as *State v. Jeffries,* 119 Ohio St.3d 265, 2008-Ohio-3865.]

(No. 2007–1478—Submitted May 20, 2008—Decided August 7, 2008.)

MOYER, C.J.

{¶ 1} Evid.R. 410(A)(5) provides that statements made in the course of plea discussions are not admissible against the defendant in court. The Eleventh District Court of Appeals held that a particular statement that had been made before the commencement of plea discussions was protected by Evid.R. 410 because the statement was later provided to the state in the course of plea discussions. We hold that statements that were not made in the course of plea discussions are not protected by Evid.R. 410, even if they were later provided to the state in the course of plea discussions. We reverse the judgment of the Eleventh District Court of Appeals.

## Facts

{¶ 2} In December 2001, a body was discovered in a park in Painesville, Ohio. A few hours later, Jennifer L. Jeffries called 9-1-1 to report that she and the deceased had been the victims of a robbery. For over a year and a half, the police department investigated the death without pursuing an indictment.

{¶ 3} In October 2002, while the investigation was ongoing, an assistant public defender arranged for Jeffries to submit to a polygraph test with an independent polygraphist to test her veracity regarding a "new story" about the murder. This version exonerated Jeffries of any knowledge of or responsibility for the murder and identified her husband as the killer. Jeffries submitted a written statement to the polygraphist and submitted to the polygraph test. Neither the written statement nor the results of the polygraph test were provided to the state then.

{¶ 4} In May 2003, Jeffries and her attorneys signed a cooperation agreement with Lake County prosecutors, which was to grant her immunity on all charges related to the murder. Before entering into the agreement, an assistant public defender informed the state that Jeffries had previously passed a polygraph test

and described some of the questions that had been asked. Additionally, the statement that Jeffries had submitted to the polygraphist was provided to the state. The agreement required Jeffries to cooperate with prosecutors and submit to a polygraph to confirm her truthfulness. Jeffries failed the polygraph and fled the jurisdiction, and the agreement became void. Consequently, she was indicted on several charges arising from the murder.

{¶ 5} Prior to trial, Jeffries's counsel asked the court to suppress the statement she had made to the polygraphist. The court denied the request. At trial, Jeffries was convicted of trafficking in cocaine; tampering with evidence; involuntary manslaughter, with a firearm specification; complicity to robbery, with a firearm specification; and murder, with a firearm specification.

{¶ 6} The Eleventh District Court of Appeals reversed the conviction, holding that the trial court had abused its discretion by not suppressing the statement to the polygraphist. The court of appeals based its holding on its conclusion that the statement was made in the course of plea negotiations: "Even though the parties were not engaged in active plea negotiations in October 2002, we conclude that when the state requested a copy of the October 28, 2002 statement and polygraphist's report, and when Jeffries complied with that request, those documents were in furtherance of verifying the validity of Jeffries' statements for the purpose of offering her a deal in exchange for her testimony, i.e., a plea negotiation. * * * Jeffries' subjective intent on October 28, 2002, is not germane because her statement was made to [the polygraphist], who was not an agent of the state, and because Evid.R. 410 merely requires that the statement be 'made in the course of plea discussions.'" *State v. Jeffries,* Lake App. No. 2005–L–057, 2007-Ohio-3366, 2007 WL 1881314, ¶ 72–73.

{¶ 7} We accepted the discretionary appeal. *State v. Jeffries,* 116 Ohio St.3d 1437, 2007-Ohio-6518, 877 N.E.2d 989.

## Discussion

{¶ 8} Evid.R. 410(A)(5) provides that the following is not admissible against the defendant in any civil or criminal proceeding: "any statement *made in the course of plea discussions* in which counsel for the prosecuting authority or for the defendant was a participant and that do not result in a plea of guilty or that result in a plea of guilty later withdrawn." (Emphasis added.) It is clear from the language of Evid.R. 410(A)(5) that the rule protects statements that were *originally made* in the course of plea discussions—not statements that were made prior to plea negotiations and *later provided* to the state.

{¶ 9} Evid.R. 410 protects statements that were originally made in the course of plea discussions. We have held that in order for statements to be protected by Evid.R. 410, it is necessary that *"at the time of the statements,* the accused had a

subjective expectation that a plea was being negotiated." (Emphasis added.) *State v. Frazier* (1995), 73 Ohio St.3d 323, 652 N.E.2d 1000, syllabus. We also held that the subjective belief of the accused must have been "reasonable under the circumstances." Id. *Frazier* thus stands for the principle that Evid.R. 410 protects the statements of an accused when, *at the time the statements were originally made,* the accused had both a subjective and an objectively reasonable expectation that a plea was being negotiated. *Frazier* does not stand for the principle that Evid.R. 410 protects the statements of an accused when, *at the time the statements were provided to the state by the accused or his or her attorney,* the accused had an expectation that a plea was being negotiated.

{¶ 10} A defendant cannot protect existing statements by providing them to the prosecution in the course of plea discussions. We have long recognized a similar principle in the context of attorney-client privilege: " 'A document of the client *existing before it was communicated* to the attorney is not within the present privilege so as to be exempt from production. But a *document* which has *come into existence as a communication* to the attorney, being itself a communication, is within the present privilege.' " (Emphasis sic.) *In re Klemann* (1936), 132 Ohio St. 187, 7 O.O. 273, 5 N.E.2d 492, quoting 5 Wigmore on Evidence (2d Ed.1923) 67, Section 2318 (applying the rule that an attorney may not testify regarding a communication made to him by his client).

{¶ 11} The statement at issue here was made far in advance of plea discussions, and there is no evidence that Jeffries believed that her statement to the polygraphist was made in the course of plea discussions. Indeed, the court of appeals recognized that the parties "were not engaged in active plea negotiations in October 2002" and that Jeffries "may not have had a subjective expectation that her counsel was preparing for a plea negotiation at the time the statement was given." *Jeffries,* 2007-Ohio-3366, 2007 WL 1881314, ¶ 72, 74. That conclusion should have directed the court of appeals to simply apply the plain words of the rule to the facts in the record and affirm the judgment of the trial court. That the statement was later provided to the prosecution in the course of plea discussions is irrelevant. Jeffries's statement was not protected by Evid.R. 410.

{¶ 12} The interpretation of the court of appeals is incorrect and based on an unreasonable interpretation of Evid.R. 410 and of our holding in *Frazier.* We hold that statements that were not made in the course of plea discussions are not protected by Evid.R. 410, even if the statements were later provided to the state in the course of plea discussions. The judgment of the court of appeals is reversed.

Judgment reversed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

Charles E. Coulson, Lake County Prosecuting Attorney, and Karen A. Sheppert, Assistant Prosecuting Attorney, for appellant.

R. Paul LaPlante, Lake County Public Defender, and Vanessa R. Clapp, Supervising Attorney, Appellate Division, for appellee.